FRANCIS M. BURNS *vs.* BOARD OF CANVASSERS AND

REGISTRATION OF THE CITY OF PAWTUCKET.

MAY 3, 1957 as of NOVEMBER 2, 1955.

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

PER CURIAM. This is a petition for mandamus to require the respondents to appoint certain supervisors to serve at the polling places in the general municipal election to be held in the city of Pawtucket on November 8, 1955. The case is here on the respondents' answer to the alternative writ of mandamus which we issued. However, both parties have agreed, with the approval of the court, to treat the pleadings as closed and to determine the merits of the question of law which is presented by the petition.

The petitioner is a duly qualified candidate for the office of school committeeman to be voted on at said municipal election. The respondents constitute the board of canvassers and registration of the city of Pawtucket. They will hereinafter be referred to as the board. The petition was heard together with that of *Chowaniec* v. *Board of Canvassers and Registration of the City of Pawtucket,* 85 R. I. 335, which case involved a similar proposed application of public laws 1953, chapter 3238, sec. 22. That section, as we held in the *Chowaniec* case, requires equal representation in each polling place if a candidate duly submits a list of names as required by law.

By sec. 21 of that statute such list of qualified persons must be submitted to the board by a candidate at least fifteen days before the election. In the instant case peti-

tioner's counsel admits that no such list was actually submitted to the board although it is a requirement of the statute. However, he argues that he was dissuaded from submitting such a list by the purported rule of the board to the effect that lists submitted by candidates for school committeemen would not be received. On the other hand the board expressly represented that they have no such rule; that they never refused any list from a candidate for school committeeman; and that they would not have refused one if it had been duly submitted by petitioner.

No such rule has been proved, and in the circumstances we shall not assume without specific proof that officials of the board are violating their sworn duty. Consequently we are of the opinion that petitioner has not made out a case to require the issuance of the writ of mandamus.

The petition is denied and the writ heretofore issued is quashed.